**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, | |
| Plaintiff, | No. C 07-02362 JSW |
| v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| SHAPY INTERNATIONAL, | |
| Defendant. | |
| _____/ | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 4, 2007, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES AS MOOT** Plaintiff's application for a temporary restraining order based on the Defendant's apparent willingness to agree to maintain the status quo, and thus there does not appear to be a threat of imminent harm. The Court **tentatively**

**grants Plaintiff's request to direct Defendant to show cause as to why a preliminary injunction should not issue.**

The parties each shall have twenty (20) minutes to address the following questions:

1. What is Plaintiff's response to Defendant's apparent willingness to maintain the status quo pending resolution of a motion for a preliminary injunction?
2. Defendant disputes that Ms. Berthiaume was served with a copy of the application for the TRO, the supporting memorandum, and the supporting affidavits on May 1, 2007. Does Plaintiff have an affidavit from the process server showing that Ms. Berthiaume was, in fact, personally served with those papers on that date?
    a. Is that the basis for Defendant's objections regarding personal jurisdiction, *i.e.* is Defendant's true argument is with respect to allegedly improper service?
    b. What is Plaintiff's response and on what basis did Plaintiff believe it had authority to serve a copy of the Court's Order setting the briefing schedule on Mr. Romeo rather than on Defendant?
3. What is the basis for Defendant's assertion that subject matter jurisdiction does not exist?
4. What is Defendant's response to Plaintiff's argument that injury to its goodwill and the unique nature of the property satisfy the irreparable harm requirement?
5. Plaintiff's proposed order provides that the TRO should issue without a bond. On what authority does Plaintiff rely to support its position that a bond or undertaking is not required?
6. Do the parties have anything further to add?

Dated: May 3, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE