IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLEAR CHANNEL OUTDOOR,

    Plaintiff,

  v.

SHAPY INTERNATIONAL,

    Defendant.
_____/

No. C 07-02362 JSW

**NOTICE OF QUESTIONS FOR HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED June 22, 2007, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties each shall have twenty (20) minutes to address the following questions:

1. What is Defendant's response to the factual assertions made in Plaintiff's reply brief regarding the amount in controversy?

2.     a.     To the extent Plaintiff argues that it would be irreparably harmed if the Defendant were to destroy the Billboard or remove it from the Premises, what is Defendant's best argument that Plaintiff does not have an adequate remedy at law?

       b.     To the extent Plaintiff's arguments pertain to Defendant's decision to rent the Billboard to another entity, what is Plaintiff's best argument that such action would cause it irreparable harm?

3. There appear to be two separate interests at stake in this case: (1) the ownership rights in the Billboard structure; and (2) the rights to lease the space on which the Billboard sits. Would Defendant agree with this assessment? If not, on what basis?

4. Is Plaintiff relying solely on its first cause of action for conversion to establish the likelihood of success on the merits?

5. There is contrary evidence in the record with respect to whether the Lease was an asset of the Bankruptcy Estate. For example, the Lease is signed by James Kevin Murphy in his individual capacity, rather than on behalf of Eleventh Street Enterprises, LLC, the "Debtor." (*See* Powers Decl., Ex. A; *see also* Berthiaume Declaration, Ex. 5 (Letter dated Feb. 24, 1999 to Mr. Murphy referencing lease between "you and Eller Media Company's ... predecessor..."). However, there is also a letter dated September 11, 2000, from Plaintiff's former counsel to Defendant's former counsel, which suggests that the Lease belonged to the Debtor. (*See* Berthiaume Decl., Ex. 7.)

       a.     Is there any concrete evidence as to whether the Lease was an asset of the Bankruptcy Estate? If not, how should the Court resolve this factual dispute at this procedural stage of the litigation?

       b.     What is Defendant's best argument, on these facts, that the Lease was an asset of the Bankruptcy Estate, such that it was required to be rejected, assumed or assigned?

2


**United States District Court**
For the Northern District of California

6. What is Defendant's response to Plaintiff's argument that the Lease continued in full force and effect because it was not expressly assumed or rejected? (*See* Reply at 7 (citing *Matter of Greystone III Joint Venture*, 995 F.2d 1274, 1281 (5th Cir. 1992)).

   a. Does either party have any information on whether Docket Nos. 19 and 25, which relate to the assumption or rejection of non-residential real property lease, (1) pertain to the Lease in question in this case and (2) were ever approved by the Bankruptcy Court?

   b. If the Lease was not rejected, on what other basis, if any, does Defendant contend it was terminated?

   c. If the Lease was not rejected or otherwise terminated, on what basis does Defendant contend that the renewal terms were not enforceable?

7. Does Plaintiff contend that the provisions of 11 U.S.C. § 363(f) have any impact on the resolution of this motion? If so, on what basis? *See* 11 U.S.C. § 363(f) ("The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if– (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.")

8. Is there any evidence in the record to contradict the pleadings in the Bankruptcy proceedings that suggest Plaintiff's predecessor-in-interest did not in fact, have notice of the motion that resulted in the sale of the Premises to Defendant?

9. Does either party have any information as to why the Lease not included in the motion regarding the sale of the Premises?

      a.    Does Plaintiff dispute the fact that the Lease was not recorded, as contemplated by its terms?

      b.    The Commercial Real Estate Purchase Contract encouraged inspection. Did Defendant inspect the Premises? What is its response to Plaintiff's assertion that the existence of the sign is "open, notorious and continuous?" (*See* Reply Br. At 10 n.3.)

10. Does either party have any information as to why the provision requiring the seller not to enter into a lease for a billboard display was included in the Commercial Real Estate Purchase Contract attached to the Bankruptcy Court's Order of Sale of the Premises?

11. Is there anything further either party wishes to address?

Dated: June 20, 2007

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

4